United States District Court
Southern District of Texas
**ENTERED**
February 06, 2017
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **KURTIS  ROOKS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:16-CV-296** |
| | § | |
| **COASTAL CHEMICAL CO., LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Conditional Class Certification and Notice. (Doc. No. 13.) After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Motion should be denied.

## I.    BACKGROUND

Plaintiff Kurtis Rooks worked for Defendant Coastal Chemical Co., LLC as a land technician from approximately March 2012 to June 2015. Compl. at 1. Plaintiff alleges that he was improperly paid a base salary and bonus with no overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"). *Id.* at 2. On February 3, 2016, Plaintiff filed a  Complaint on behalf of himself and all others similarly situated.

## II.    LEGAL STANDARD

On motions for collective action certification in FLSA cases, the Fifth Circuit has affirmed district courts' use of the lenient standard adopted by the United States District Court for the District of New Jersey in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See, e.g.*, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–16 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The *Lusardi* approach includes two

steps: (1) the plaintiff's motion for conditional certification, and (2) the defendant's motion for decertification.

At the first stage, the Court must decide whether notice of the action should be given to potential class members. *Id*. at 1213–14. The court's decision at this stage is usually based on the pleadings and affidavits that have been submitted, and is made using a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class." *Id*. at 1214.  A plaintiff may proceed collectively only if the challenged conduct is a generally applicable rule, policy, or practice. *McKnight v. D.Houston, Inc*., 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). Therefore, conditional certification should be denied when the action arises from circumstances purely personal to the plaintiff. *Id*.

In order to obtain conditional certification, the plaintiff must make a "minimal showing" that: (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt in to the lawsuit. *Aguirre v. SBC Comms., Inc.*, No. H–05–3198, 2006 WL 964554, at *6 (S.D. Tex. April 11, 2006). Conclusory allegations that other employees are similarly situated are insufficient to justify conditional certification. *Vargas v. HEB Grocery Co., L.P.*, No. SA-12-CV-116-XR, 2012 WL 4098996, at *4 (W.D. Tex. Sept. 17,2012).

To satisfy the third requirement, a plaintiff must show not only that similarly situated persons exist, but also that they seek to join the lawsuit. *Davis v. Mostyn Law Firm, P.C.*, No. 4:11-cv-2874, 2012 WL 163941, at *10 (S.D. Tex. Jan. 19, 2012). Reliance on the plaintiff's "own allegations that the putative class members exist and together were the victims of a single

decision, policy, or plan is insufficient to meet [the] burden" of showing "that the additional aggrieved persons exist and want to join the lawsuit." *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at \*9 (S.D. Tex. Jan. 24, 2007). *See also Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at \*3 (S.D. Tex. Aug. 14, 2009) (concluding that class notice would not issue, in part because plaintiff failed to show that similarly situated persons would actually seek to join the lawsuit); *Detho v. Bilal*, No. H-07-2160, 2008 WL 1730542, at \*5-6 (S.D. Tex. Apr. 10, 2008) (holding that plaintiff's affidavit stating a belief that there are other employees who may be interested was insufficient for conditional certification).

The second stage of the *Lusardi* approach is usually prompted by a defendant's motion for decertification after some or all discovery has been completed. At that time, a court considers additional evidence submitted by the parties in determining whether to decertify the class on the ground that its members are not similarly situated. *Id.*

## III.   ANALYSIS

Plaintiff has not made a minimal showing that similarly situated individuals wish to join the lawsuit. Plaintiff's only evidence is his own declaration, in which he states that he "know[s] that Coastal's other similarly situated current and former land technicians would be interested to learn about their rights and their opportunity to join this lawsuit." (Doc. No. 16-1.) This evidence is insufficient because a plaintiff may not rely on his own allegations to show that similarly situated individuals seek to join the lawsuit. *See Simmons*, 2007 WL 210008, at \*9. Even if Plaintiff were entitled to rely on his own assertions, the declaration alleges only that similarly situated individuals would be "interested to learn about their rights," not that they seek to join the lawsuit. Finally, even after over a year of litigation, Mr. Rooks remains the only plaintiff in the

case. As such, Plaintiff has failed to make the minimal showing required for conditional certification.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Conditional Class Certification and Notice (Doc. No. 13) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 6th day of February, 2017.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE